### MARY B. LAUGHLIN v. JOHN W. VOGELSONG ET AL.

1. WHERE SERVICE BY PUBLICATION IS PROPERLY MADE, JURISDICTION CANNOT BE COLLATERALLY ATTACKED, THOUGH AFFIDAVIT IS FALSE.

Where service by publication is made in a case where service by that mode is authorized by law, and the court find that due notice of the filing and pendency of the action or proceeding has been given to all the defendants, the jurisdiction of the court cannot be successfully assailed collaterally, even though the affidavit for publication is false. (Affirmed in Winemiller v. Laughlin, 51 O. S. 422.)

2. PETITION IN FORECLOSURE MUST AVER MORE THAN THAT DEFENDANT CLAIMS AN INTEREST IN THE PROPERTY.

A petition which states that a party defendant has, or claims to have, a lien upon or interest in the premises upon which the plaintiff is seeking the foreclosure of a mortgage, states no fact which the defendant is called upon to answer, and confers no jurisdiction upon the court to render a decree quieting the title of the plaintiff as against such defendant and forever barring such defendant from in any manner interfering with said real estate or plaintiff's title to possession thereof; and such decree, so made, is a nullity, and may be attacked collaterally. (This holding is reversed in Winemiller v. Laughlin, 51 O. S. 421.)

3. An After Acquired Title in one Whose Land is Sold Under Foreclosure Inures to All Buyers Under Him.

The C. M. Co., while owning a tract of land, mortgaged the same to H. to secure an indebtedness. It then conveyed the land to V. by warranty deed. V. and wife mortgaged the land to L., with covenants of good title. H. then commenced an action to foreclose her mortgage, making L. a party defendant, and alleging in her petition that L. has or claims some lien upon or interest in the premises. L. did not answer. The court found the amount due H. upon her mortgage, and ordered the premises to be sold to pay the same. H. purchased the land at the sale under the decree. The court confirmed the sale, and without any further pleading or motion, after ordering a deed to be made to the purchaser, decreed that H., the purchaser, be quieted in her title to and in said premises, and that said defendant be forever barrred from in any manner interfering with said real estate or plaintiff's title to possession thereof. H. then, for the consideration of $2,500, conveyed the land to said V. by warranty deed. V. conveyed to Hale, Hale to S. and S. to W. by warranty deeds. L. then commenced an action in the court of common pleas to foreclose her mortgage, making V. and all subsequent grantees parties defendants. W., the last grantee, pleaded the decree in which the mortgage of H. was foreclosed, and also claimed to be subrogated to the rights of H. Held: The decree was no bar, and V., through whom W. claims title, would not, as against L., be subrogated to the rights of H., being estopped by the covenants of his mortgage. V. being estopped, all persons claiming title through him are estopped also. V.'s after acquired title inured as against him, and buyers under him, to L. under the covenants of L.'s mortgage.

Appeal from the Court of Common Pleas of Paulding county.

On September 10, 1885, the defendant John W. Vogelsong executed and delivered to the plaintiff his promissory note for $1,330, due on or before five years from date, and secured by mortgage on land in Paulding county.

On November 2 following, said defendant Vogelsong executed and delivered to plaintiff his certain other promissory note for the sum of $1,000, due in five years after date, secured by mortgage on the same land.

The plaintiff commenced her action to foreclose her two mortgages, making certain persons claiming liens, parties defendants, among them the defendant Edgar F. Winemiller.

The defendant Winemiller answered, and for defense to the petition of the plaintiff says:

On May 20, 1886, one Clara A. Hoover filed her petition in the court of common pleas of Paulding county, Ohio, in case No. 3482, wherein said Clara A. Hoover was plaintiff, and the plaintiff herein, Mary B. Laughlin, and others, were defendants. Said petition among other things averred: That on or about October 9, 1883, the Collins Manufacturing Co. executed and delivered to her, the said Clara A. Hoover, its certain promissory note for $1,000, due and payable October 15, 1884, and secured by mortgage on the premises described in the petition of the plaintiff in this action. The petition further averred that the mortgage had become absolute, and that the defendant Mary B. Laughlin has, or claims to have, some interest in or lien upon said premises; the amount and nature of the same is not fully known to said plaintiff, and she avers she should be served with summons and come in and set up her interest in said premises, or be forever barred of the same. Said plaintiff avers that she has, as she believes, the first and best lien on said premises, and that the land should be sold to pay the same. She prays that the court may fix the priorities and amounts of the respective liens on the premises; that the same be sold and the proceeds distributed according to the priority of liens. Said defendant Winemiller further avers that said Mary B. Laughlin was properly served by publication, and that she failed to answer or demur to the petition of said Clara A. Hoover, and failed to set up any claim or lien upon said premises, and failed and neglected to appear at the trial of said cause and defend therein. Said defendant further says that afterwards, at the April term of the court of common pleas of said county, said cause No. 3482 came on to be heard, and the court found there was due the said Clara A. Hoover upon her note and mortgage the sum of $1,279.15, and decreed that unless the defendant John W. Vogelsong shall pay the same within five days, the defendant's equity of redemption be foreclosed and said premises sold, and that an order of sale issue; and said premises were sold to said Clara A. Hoover, the sale confirmed and a deed ordered to be made to said Clara A. Hoover, the purchaser. A copy of the record in said case No. 3482 is attached to defendant's answer, which in addition to the foregoing facts stated in said answer shows the following decree by the court of common pleas in said case, to-wit: "The court do further order and decree that the title, interest and estate of the defendants John W. Vogelsong, Emma O. Vogelsong, J. M. Custer, Henry L. Custer and Mary B. Laughlin, and

each of them be and the same is hereby vested in plaintiff, and that plaintiff's title to and in said premises be quieted as against each and all of said defendants, and that they and each of them are by the court forever barred from in any manner interfering with said real estate or plaintiff's title to possession thereof."

Service was obtained by publication, on the ground of non-residence. The decree foreclosing the mortgage and rendering a sale of the premises was made at the April term of the court of common pleas, 1887 The cause was not continued, and was left off the trial docket. Subsequently, at the same term, a motion was made by the plaintiff to re-docket the cause, which motion the court does not appear to have acted upon. At an adjourned term, without notice to any of the defendants, the court confirmed the sale of the premises, and made the order hereinbefore recited, quieting the title of Clara A Hoover as against the plaintiff Mary B. Laughlin. The court found that due notice of the filing and pendency of the action had been given according to law

Winemiller for further answer says, the several findings, orders, judgments, and decrees, in said cause No. 3482, have never been reversed, set aside or vacated, but that the same are in full force and effect, and that by virtue thereof the said Mary B. Laughlin is forever barred from prosecuting this action That the premises described in said cause No 3482 are the same as are described in plaintiff's petition herein.

For a further defense said Winemiller says: said Clara A. Hoover caused her said deed to be recorded, and afterwards, for a valuable consideration paid to her by one John W. Vogelsong, she, on August 25, 1887, sold and conveyed the premises in the petition described to said John W. Vogelsong, by a good and sufficient deed, and said Vogelsong caused said deed to be recorded. That on July 30, 1888, said Vogelsong, for a valuable consideration to him paid by Edwin B. Hale, sold and conveyed the same lands by executing and delivering to the said Edwin B Hale a good and sufficient deed therefor, which deed was duly recorded. That on May 1, 1888, the said Edwin B Hale, for a valuable consideration, sold and conveyed the same premises to Henry E. Spring, by a good and sufficient deed therefor, which deed was duly recorded. That on August 17, 1889, the said Henry E Spring, for a valuable consideration to him paid by this defendant, sold and conveyed the same premises to this defendant by a good and sufficient deed of general warranty therefor, which deed has been duly recorded, and this defendant is now the owner thereof, free from all the claims of the plaintiff herein, Mary B. Laughlin. That by means of the several conveyances set forth, this answering defendant has succeeded and become subrogated to all the rights of the said Clara A Hoover in and to the said premises described in plaintiff's petition.

For reply to this answer, the plaintiff, Mary B. Laughlin, says she had no actual notice of the filing, pendency and prayer of the petition in said cause No 3482 That at the commencement and during the pendency of said cause, she resided continuously in Erie county, in this state, and that the affidavit for service by publication in said cause is false. That at the time of the execution and delivery of the mortgage in the petition set forth, the said John W. Vogelsong, and Emma O. Vogelsong, by their said mortgage duly executed and acknowledged, covenanted with the said plaintiff, as follows: "And we, the said grantors, do for ourselves and our heirs, executors and administrators, covenant with the said grantee, her heirs and assigns, that at and until the ensealing of these presents we were well seized of the above described premises as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as above written; that the same are free and clear from all incumbrances whatsoever; and that we will warrant and defend said premises with the appurtenances thereunto belonging, to the said grantee, her heirs and assigns forever, against all lawful claims and demands whatsoever. That said Clara A. Hoover, the purchaser at said sheriff's sale, for the consideration of $2,500, conveyed said premises to John W. Vogelsong on April 25, 1887, through whom the said defendant, Edgar F. Winemiller, claims title, and the said Collins Manufacturing Company, subsequent to the date of its mortgage to Clara A. Hoover, but prior to the date of plaintiff's mortgage and the beginning of said cause No. 3482, by its deed of general warranty, conveyed said premises to said John W. Vogelsong.

The cause was submitted upon a demurrer of the defendant Winemiller to the reply.

BEER, J.

1. It is contended by the plaintiff that the decree in cause No. 3482 is, as to her, a nullity, for the reason that at the time of the filing of the petition in that case, and during the pendency of the action, she resided in this state, and that, as to her, the service by publication was illegal. But the affidavit for publication alleged she was a non-resident of the state, and the court found that all the defendants had been duly served with notice of the pendency of the cause of action and the prayer of the petition. Such finding of the court cannot be collaterally impeached. Harris v. Hardeman, 14 How., 334; Lessee of Fowler v. Whiteman,

2 O. S., 271; Buchanan v. Roy's Lessee, 2 O. S., 251. If it be suggested that this is a proceeding in equity, and that the court has power to relieve against a fraudulent judgment or decree, it is sufficient to say no such relief is prayed for.

2. It is further contended by the plaintiff that the decree against her in cause No. 3482 is a nullity for the reason that the pleadings, records and proceedings in that case were not sufficient to warrant any judgment, order or decree of the court against her. The petition in that case contains only this averment as to her: "The defendants, John W. Custer and Henry L. Custer and Mary B Laughlin, had or claim to have some interest or lien upon said premises; the amount and nature of the same is not fully known to said plaintiff, and she avers that they should be served with summons in this action and required to set up their interests or be forever barred of the same." She prays the court to fix the amount and priority of the different liens. She also avers that her lien is prior and superior to all others. Upon this petition the court found that the mortgage of Clara A. Hoover is a good, valid and first lien on the premises described in the petition, and ordered the sale of the same to pay the amount found due. After the sale Clara H. Hoover moved the court to re-docket the case and confirm the sale. The court confirmed the sale, ordered a deed made to the purchaser, and then, without any additional pleading or motion, ordered and decreed "that the title, interest and estate of the defendants John W. Vogelsong, Emma O. Vogelsong, J. L. Custer, Henry L. Custer, and Mary B. Laughlin, and each of them, be and the same hereby is vested in the said plaintiff, and that the plaintiff's title to and in said premises be quieted as against each and all of said defendants, and that they and each of them are by the court forever barred from in any manner interfering with said real estate or plaintiff's title or possession thereof."

By what authority did the court make this decree? The petition avers that Mary B. Laughlin "has, or claims to have a lien upon or interest in the premises." That was true—she did have, and claims to have, a lien upon the premises. She was not called upon to deny that averment. The petition further avers that the lien of Clara A. Hoover is superior to that of Mary B. Laughlin, which was then the truth, and Mary B. Laughlin could not deny it. But there is no allegation in the petition that Mary B. Laughlin did not have a lien upon, or interest in, the premises.

That it is within the jurisdiction of the court of common pleas to quiet title to real estate, and to enjoin persons from interfering with the title and possession of the owner, there can be no doubt. It is just as clear, however, that this jurisdiction must be exercised according to law. Before the court can make a valid and bindidg decree, its action must be invoked by the methods established by law for judicial procedure. It cannot exercise its high powers *sua sponte*, so as to deprive a citizen of his property. It cannot foreclose a mortgage upon pleadings in replevin, or quiet title to real estate in an action for libel or slander. Before it can lawfully act upon a subject matter within its jurisdiction, the parties to be affected must be served with notice, and the action of the court must be invoked by pleadings or motion. A judgment or decree rendered without pleadings would be as much a nullity as a judgment or decree rendered without notice by summons or publication.

As stated in Sheldon's Lessee v. Newton, 3 O. S., 494,

"The power to hear and determine a cause is jurisdiction, and it is *coram judice* whenever a case is presented which brings this power into action.

"But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred, and that such person or thing has been properly brought before the tribunal to answer the charges therein contained.

"When these appear, the jurisdiction has attached; the right to hear and determine is perfect; and the decision of every question is but the exercise of the jurisdiction thus conferred; and whether determined rightfully or wrongfully, correctly or erroneously, is

alike immaterial to the validity, force and effect of the final judgment when brought collaterally in question.

"On the other hand, if the court proceed without jurisdiction, it is unimportant how technically correct, or precisely certain, in point of form its record may appear; its judgment is void to every intent and for every purpose; and must be so declared in every case in which it is presented."

To the same effect is Spoors v. Coen, 44 O. S., 497. In that case it was held that:

"The judgment of a court upon a subject of litigation within its jurisdiction, but not brought before it by any statement or claim of the parties, is null and void, and may be collaterally impeached."

In Strobe v. Downer, 13 Wis., 11, Downer had purchased lands at a sale made in a foreclosure proceeding, on which Strobe, by assignment from one Weimer, held a prior mortgage. The bill contained an averment that Weimer had, or claimed some interest in the property, and he was made a party, but he did not answer. The judgment in foreclosure purported to bar him of all right in the premises. In a suit brought to foreclose the mortgage by Strobe, the court treated the question as if Weimer had remained the owner of it, and held that the purchaser under the decree made in the former proceeding took nothing as against Weimer or his assignee. The court said:

"It was stated in the complaint that he claimed an interest (in the land), and there was no allegations against its validity which called on him to defend, and that without any allegation in the complaint contesting his title, he had the right to assume that the proceeding would be conducted upon the theory that his lien was paramount to that of the plaintiff, and that his rights were not to be affected by the proceeding."

The case of Lewis v. Smith, 9 N. Y., 502, was cited and approved, where it was held that "the widow was not divested of dower in the lands of her deceased husband, by a decree to that effect, in a proceeding to which she was made a party, for the foreclosure of a mortgage she had not signed." The bill contained the general allegation that she claimed some interest in the premises, subsequent to the mortgagor or otherwise. Her husband had devised her all his real estate for life, with remainder over; but whether the devise was in lieu of dower or not was not stated. The court held, in a suit for that purpose, that she was entitled to dower in the land, and that she was not barred by the decree in the former suit. Commenting on the averments in the bill, Denio, J., said:

"As a devisee of the mortgaged premises and an executrix of the mortgagor, the plaintiff was a necessary party to the bill. But in her character of his widow, entitled to dower by virtue of her coverture before the mortgage was given, she had nothing to do with the foreclosure. Having no defense to make to her interest as devisee of the equity of redemption, and being unable to resist the claim to a decree against her for any ultimate deficiency, she had no motive for answering the bill. It made no claim, and prayed for no relief, which she could defend against." Edwards, J., also commented upon the fact that "the complainant in the foreclosure suit made no allusion to the claim of dower." See also Williamson v. Probasco, 4 Halstead Chancery, 571.

The case before us cannot be distinguished from the cases last cited. We hold, therefore, that the decree in cause No. 3482, in so far as it quiets the title of Clara A. Hoover against the claim of Mary B. Laughlin, is a nullity, and that the decree in that action is no bar to the plaintiff's action.

3. The Collins Manufacturing Co. owned the premises and mortgaged the same to Clara A. Hoover. The Collins Manufacturing Company then conveyed the premises by warranty deed to John W. Vogelsong. Vogelsong and his wife then executed and delivered the mortgage to Mary B. Laughlin, upon which this action is brought, in which they covenant that the premises are free and clear from all incumbrances, and that they will warrant and defend the same against all lawful claims and demands whatsoever. This mortgage was immediately left for record, and was recorded. This was prior to the commencement of cause No. 3482. The premises were then conveyed to Clara A. Hoover by sheriff's deed in her foreclosure proceeding in cause No. 3482. Clara A. Hoover then

conveyed the premises to the same John W. Vogelsong. He conveyed to Hale, Hale conveyed to Spring, and Spring to Winemiller, by warranty deeds. Winemiller now claims to be subrogated to all the rights of Clara A. Hoover in and to said premises. We presume he means that if the plaintiff's action is not barred by the decree in cause No. 3482, that the plaintiff is only entitled to a decree ordering the premises to be sold subject to the prior lien of Clara A. Hoover.

Vogelsong and wife, in their mortgage to the plaintiff, covenanted with the plaintiff "that at and until the ensealing of these presents, we were well seized of the above described premises as a good and indefeasible estate in fee-simple, and have good right to bargain and sell the same in manner and form as above written, and that the same are free and clear from all incumbrances whatsoever, and that we will warrant and defend said premises with the appurtenances thereunto belonging to the said grantee, her heirs and assigns forever against all lawful claims and demands whatsoever." We have seen that the lien of the plaintiff was not cancelled or extinguished by the decree in cause No. 3482.

After the sale to Clara A. Hoover she conveyed all the title she had to Vogelsong, and that was all the estate of Vogelsong before the sheriff's sale, and her own mortgage lien. We may say that for the purpose of protecting her equitable rights, the mortgage lien was not merged in her title by purchase, and that this equity also passed in her deed to Vogelsong. Could Vogelsong successfully assert it against the mortgage lien of the plaintiff? If he could, he would get the benefit of a lien which he covenanted did not exist, and which he covenanted he would defend the plaintiff against. An after-acquired title will feed the estoppel created by a conveyance with warranty, and convert the same to an interest in the grantee, so as to conclude the grantor and all persons claiming under him. 2 N. E., 502. Covenants of warranty in a mortgage have the same effect and construction as those of a deed. Jones on Mort., 68; 37 Fed. Rep., 296. Hence, if the right of subrogation passed to Vogelsong, it passed from him to Mary B. Laughlin, so as to sustain the covenants of his mortgage. Vogelsong being estopped, those claiming under him, including Winemiller, are estopped also.

Demurrer to reply overruled, and decree for plaintiff.

Price, Baughman & Snook, for Winemiller.

McMillen & Phipps, for Mary B. Laughlin.